## Richmond.

### WILLIAMSON V. TOWN OF GRAHAM.

#### March 22, 1912.

1. ELECTIONS—*Constitutional Law—Town Elections—Code (1904), Section 1038 e—Validity.*—Section 1038e of the Code (1904), with reference to elections in towns to decide upon bond issues, is a valid and constitutional enactment.

2. ELECTIONS—*Town Bonds—Form of Ballot—Code (1904), Section 1038a.*— In an election under section 1038a of the Code (1904) it is not necessary that the ballots should be so prepared as to afford the voter the opportunity to cast his vote for or against each of the different objects to which the bonds are to be applied. The statute provides that the ballots shall have printed thereon, in separate lines, the words "for bond issue" and the words "against bond issue," and no greater particularity is required.

3. ELECTIONS—*Bond Issue of Towns—Amount of Issue—Ballots.*—Section 1038e, sub-section 6, declares that the amount of the bond issue upon which the vote is taken shall be stated upon the ballot. This provision is a most essential feature of the whole procedure, is mandatory, and its omission is fatal to the election.

Error to a judgment of the Circuit Court of Tazewell county in a proceeding by motion. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*R. Kemp Morton,* for the plaintiff in error.

*V. L. Sexton,* for the defendant in error.

BY THE COURT:

The town of Graham, in Tazewell county, petitioned the circuit

court, in accordance with the provisions of section 1038e of the Code of 1904, to order an election for the purpose of submitting to the registered voters of the town the question whether or not bonds should be issued to the amount of $50,000, the proceeds to be expended for certain municipal purposes.

The election was held, and eighty-eight votes were cast in favor of the issue of the bonds and three votes against such issue. Williamson, the plaintiff in error, became the purchaser of one of the bonds for $500, but subsequently declined to accept and pay for it; and thereupon the town of Graham proceeded, by notice against him, to recover the amount of the bond, and upon the pleadings and proof judgment was entered for the plaintiff, and the defendant obtained a writ of error from this court.

The plaintiff in error insists, in the first place, that the statute under which the election was held and the bonds issued is un-constitutional. In this we cannot concur, and, without going into a discussion of the subject, we shall content ourselves by saying that it was plainly within the power of the legislature to enact section 1038e, and that it is a valid and constitutional law.

Other errors of a minor character are suggested in the brief of plaintiff in error, but only two of them are, in our judgment, of sufficient consequence to be mentioned in this opinion.

It is insisted that as the money to be raised by the bond issue was to be expended, $20,000 for the erection of a public school building, $15,000 for the improvement of the water works, and $15,000 for street sidewalks and sewers, that the ballots should have given the voters the opportunity to vote for or against the appropriation for each of these improvements; whereas the ballots as prepared required them to vote for or against the entire issue of $50,000, and did not give them the right to segregate and cast their votes for or against the issue of bonds for a parti-cular purpose; and that, while a voter might have desired to vote for bonds for a public school building, he might also have opposed the issuing of bonds for other purposes.

The answer to this is that the statute makes no such require-ment. Sub-section 6 of section 1038e provides that "the town council, or board of trustees of said town, shall, prior to said date of election, have printed, at the expense of said town, proper

ballots to be voted at said election, upon which shall be stated the date of election and the amount of bond issue, and shall also have printed thereon, in separate lines, the words 'for bond issue' and the words 'against bond issue.' " It is plain that in this respect the ballot was in strict conformity with the law, and this assignment of error is overruled.

The sub-section referred to, however, does explicitly declare that the amount of the bond issue shall be stated upon the ballot, and this was not done. This provision of the statute is a most essential feature of the whole procedure, is mandatory, and its omission is, we think, fatal to the election.

For these reasons we are of opinion, without passing upon any questions except those specifically mentioned, that the judgment of the circuit court should be reversed, and this court will proceed to render such judgment as the circuit court ought to have rendered.

*Reversed.*